ADAMS, J.

**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| OCEAN INNOVATIONS, INC., et al., | ) | CASE NO. 1:03CV0913 |
| | ) | |
| Plaintiffs, | ) | |
| | ) | JUDGE JOHN R. ADAMS |
| v. | ) | |
| | ) | MEMORANDUM OF OPINION |
| QUARTERBERTH, INC, et al., | ) | AND ORDER |
| | ) | [RESOLVING DOC. 311 and 318] |
| Defendants. | ) | |

This action for patent infringement pursuant to 35 U.S.C. §§ 271 *et seq.* is before the Court upon defendants ERA Marine Products, Inc. ("ERA Marine"),[1] Versadock, Diversified Wholesale Marine, Inc. dba Sailorman ("Sailorman"), George Dabrowski ("Dabrowski"),[2] and Roy Ahern's ("Ahern") Motion for Vacating Clerk's Entry of Default (Doc. 311), filed on December 15, 2009. The Court has reviewed the memorandum in support and memorandum in

---

[1] ERA Marine Products, Inc., dba Versadock is listed as one of the movants. On March 31, 2009, however, the Court found that Versadock is *not* a dba of ERA Marine. *See* Memorandum of Opinion and Order (Doc. 236) at 2 n. 3. Rather it is a general partnership composed of ERA Marine, Ahern, and Teo Leonard. *See* Ahern Affidavits (Docs. 165-1 and 165-2) and Leonard Affidavit (Doc. 168-6) from a case filed in the Fourth Judicial District of Minnesota, captioned *Roy Ahern, et al. v. Teo Leonard*, Hennepin County Minnesota, Court File No. 27-CV-07-17138. These affidavits directly contradict Ahern's earlier deposition testimony in this regard. *See* Doc. 92-15 at 6.

[2] ERA Marine and Dabrowski have filed answers. *See* Order (Doc. 300). Default has not been entered against them. *See* Entry of Default (Doc. 307).

opposition (Doc. 315).  Movants did not file a reply memorandum.[3]

This action is also before the Court upon plaintiffs' Motion for Judgment and Permanent Injunction against Sailorman, Ahern, Leonard,[4] Versadock, and Gulf Coast Floating Docks, Inc. ("Gulf Coast")[5] (Doc. 318), filed on February 10, 2010.  The Court has reviewed the memorandum in support, declaration of W. Allan Eva III in support of lost profits and reasonable royalty (Doc. 318-1), memorandum in opposition of ERA Marine, Versadock, Sailorman, Dabrowski, and Ahern (Doc. 320), and reply memorandum (Doc. 322) and has read the file.

## I.  Background

Plaintiffs' Second Amended and Supplemental Complaint (Doc. 209) was filed on November 11, 2008.  On November 20, 2008, Leonard, Ahern, Noel W. Lott, Jr. aka Bill Lott ("Lott"), Dabrowski, Sailorman, and ERA Marine moved the Court for leave to move or plead to the Second Amended and Supplemental Complaint.  *See* Doc. 213.  The Court granted the movants leave until December 29, 2008, within which to move or plead to this complaint.  *See* Marginal Entry Order (Doc. 215).  These defendants did not file an answer.

---

[3]The memorandum in opposition was served and filed electronically through the transmission facilities of the Court on December 22, 2009.  Local Rule 7.1(e) provides:
> . . . the moving party may serve and file a reply memorandum . . . in support of any non-dispositive motion within seven (7) days after service of the memorandum in opposition.  If the moving party was served with the memorandum in opposition under Fed. R. Civ. P. 5(b)(2)(C), (D), (E) or (F), three days shall be added to the prescribed period as provided in Fed. R. Civ. P. 6(d).

Defendant's permissive reply memorandum was, therefore, due on January 8, 2010.  Thus, the time for filing a reply has elapsed without a reply brief in support of the motion having been filed.  *See* Local Rule 7.1(g).

[4]On April 6, 2010, the Court granted a Joint Motion (Doc. 321) and entered an Agreed Judgment (Doc. 326) and Permanent Injunction (Doc. 327) against Leonard.

[5]Gulf Coast has not joined in the Motion for Vacating Clerk's Entry of Default.  Based on information from the website of the Florida Department of State Division of Corporations (http://www.sunbiz.org), Gulf Coast is an inactive corporation.  *See also* Declaration of James Alexander (Doc. 24-8) at ¶ 3.

Following the denial of their motion to dismiss, Sailorman, Ahern, Versadock, and Gulf Coast (hereinafter "defendants") still did not file an answer. On March 31, 2009, the Court granted in part the Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(2) and (3) of Gulf Coast, Sailorman, Noel W. Lott, Jr. aka Bill Lott ("Lott"), Leonard, and Ahern (Doc. 24) and the Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(2) and (3) of Lott, Leonard, Gulf Coast, ERA Marine, Versadock, Sailorman, and Ahern (Doc. 110). The motions were granted only as to plaintiffs' claims against Lott and those claims were severed and dismissed without prejudice for improper venue. *See* Doc. 236.

In 2009, Fed. R. Civ. P. 12(a)(1)(A)(i) required that "[a] defendant must serve an answer within 20 days after being served with the summons and complaint," and Rule 12(a)(4)(A) provided that the filing of a Rule 12(b) motion to dismiss alters the Rule 12(a) time periods as follows: "if the court denies the motion . . ., the responsive pleading must be served within 10 days after notice of the court's action." Thus, pursuant to Rule 12(a)(4)(A) and 6(a), because the Court did not set a different time, defendants' answer was required to be filed within 10 days after the filing of the Court's order denying defendants' motion to dismiss, *i.e.*, April 14, 2009.

On June 26, 2009, the Court entered a Memorandum of Opinion and Order (Doc. 238), that provides in pertinent part: "ERA Marine and George Dabrowski are the only defendants that have filed answers in the case at bar. *See* Docs. 22, 23, and 31. None of the defendants to date have plead against the Second Amended and Supplemental Complaint (Doc. 209), filed on

3

November 11, 2008." *Id.* at 3 n.7.  Defendants, however, again did not file an answer.

Defendants were duly served with the First Amended Complaint (Doc. 109) (Gulf Coast) on December 17, 2004 and the Second Amended and Supplemental Complaint (Sailorman, Ahern, and Versadock) on November 11, 2008; but, they failed to plead or otherwise defend.  On December 11, 2009, the clerk entered the default of the defendants pursuant to Fed. R. Civ. P. 55(a).  *See* Doc. 307.

II.  Motion for Vacating Clerk's Entry of Default

Under Fed. R. Civ. P. 55, obtaining a default judgment is a two step process:  entry of default under Rule 55(a) and subsequent entry of judgment by default under Rule 55(b).  Under Rule 55(c), "[t]he court may set aside an entry of default for good cause."  Defendants set forth two arguments in support of their request that the Court vacate the entry of default.  First, the entry of default violates the stipulation between the parties.  Second, default is improper because the defendants have otherwise defended.

In an email, dated October 19, 2009, from one of the attorneys for plaintiffs to defense counsel, Gordon D. Kinder wrote:

> As far as I know, the only agreement we have is that I agreed not to move for default judgement without notice, to which I agreed so you wouldn't have to prepare an answer before the mediation.  This is your notice that more than a reasonable time has [ ] passed, and unless you plead within 10 days, we will move for a default judgment.

Doc. 273-1.  There clearly was no stipulation between the parties that gave the defendants permission to plead whenever they wanted.  All Attorney Kinder did was state that the plaintiffs

would not move for default. Moreover, stipulations or agreements by counsel to extend a deadline, however, are not binding on the Court. *See* Transcript of Motion Hearing (Doc. 304) at 16, 22, 24, and 26.

The Court of Appeals for the Sixth Circuit has established three factors relevant to the determination of whether "good cause" exists to set aside an entry of default pursuant to Rule 55(c): "(1) [w]hether culpable conduct of the defendant led to the default, (2)[w]hether the defendant has a meritorious defense, and (3)[w]hether the plaintiff will be prejudiced." *Waifersong, Ltd. Inc. v. Classic Music Vending*, 976 F.2d 290, 292 (6th Cir. 1992); *accord Weiss v. St. Paul Fire and Marine Ins. Co.*, 283 F.3d 790, 794 (6th Cir. 2002). While courts consider these same three factors in evaluating whether to set aside a default judgment under Rule 60(b), "[i]n practice a somewhat more lenient standard is applied to Rule 55(c) motions." *Shepard Claims Service v. William Darrah & Assoc.*, 796 F.2d 190, 193 (6th Cir. 1986); *Waifersong*, 976 F.2d at 292 ("[T]he methodology for considering these factors and the weight to be accorded to them depends on whether the court is confronted by an entry of default or a default judgment."). Thus, although "[a]ll three factors must be considered in ruling on a motion to set aside an entry of default," when a defendant has a meritorious defense and the plaintiff would not be prejudiced, "it is an abuse of discretion for a district court to deny a Rule 55(c) motion in the absence of a willful failure of the moving party to appear and plead." *Shepard*, 796 F.2d at 194.

Prejudice to the plaintiffs and the presence of a meritorious defense are the two most important considerations. *U.S. v. $22,050.00 U.S. Currency*, 595 F.3d 318, 324-25 (6th Cir.

2010). The defendants have offered nothing to contradict the prior finding of prejudice to plaintiffs which the Court summarized in its ruling denying ERA Marine, Versadock, Sailorman, Dabrowski, and Ahern's "Unopposed" Motion for Leave to File Answer and Counterclaims Instanter Pursuant to Stipulation (Doc. 273). During the Motion Hearing held on November 30, 2009, the Court stated:

> . . . I would note that the court also is aware and I am convinced in reviewing the pleadings that if the court were to grant this motion, there would certainly be substantial prejudice to the plaintiff in the matter, additional cost, time and expense, including perhaps reopening of discovery in this matter, and the court believes that prejudice is readily apparent. . . .

Doc. 304 at 25. The Court agrees with the plaintiffs that that prejudice is real and vacating the entry of default would work a substantial harm on the plaintiffs.

The second significant Rule 55(c) consideration is whether the defendants have a meritorious defense. On June 26, 2009, the Court granted plaintiffs' Motion for Partial Summary Judgment on the Issue of Patent Validity (Doc. 115) and denied defendants' Motion for Summary Judgment on the Issue of Patent Validity (Doc. 116). *See* Memorandum of Opinion and Order (Doc. 238). Therefore, the Court has already concluded the defendants have no viable challenge to the validity of claims 1 and 15 of U.S. Patent No. 5,529,013 ("the '013 patent") and claim 28 of U.S. Patent No. 5,931,113 ("the '113 patent"). Subsequently, the Court held that the plaintiffs are entitled to a judgment as a matter of law that the defendants have infringed claims 1 and 15 of the '013 patent and claim 28 of the '113 patent. *See* Memorandum of Opinion and Order (Doc. 243), entered on September 30, 2009.

Finally, the Court addresses whether culpable conduct of the defendants led to the default. The Court finds that although the procedural history and posture of this case is certainly

6

anomalous, Rule 12(a)(4)(A) does apply.  The Court's March 31, 2009 Memorandum of Opinion and Order denied the defendants' motion to dismiss.  Contrary to defendants' argument (Doc. 304 at 17-18), under Rule 12(a)(4)(A) a court is not required to order a party to file an answer within 10 days; a court is only required to set forth a time period for a party to file an answer if that period is different than that set forth in Rule 12.  *Smith v. Rockett*, No. CIV-06-492-M, 2010 WL 274497, at *2 (W.D.Okla. Jan. 15, 2010).  Additionally, the Court finds that it is not reasonable for the defendants to have been mistaken regarding when their answer was required to be filed.  As explained above, the Court granted the defendants leave until December 29, 2008, within which to move or plead to the Second Amended and Supplemental Complaint and, in any event, their answer should have been filed no later than April 14, 2009.

### III.  Motion for Judgment and Permanent Injunction

The Court specifically solicited this motion on November 30, 2009, after it denied ERA Marine, Versadock, Sailorman, Dabrowski, and Ahern's "Unopposed" Motion for Leave to File Answer and Counterclaims Instanter Pursuant to Stipulation (Doc. 273).  *See* Doc. 304 at 27.  The Court stated it would review same and the likelihood was it would grant default judgment against Sailorman, Ahern, Versadock, and Gulf Coast because they have not filed answers and are in default and "we want to clarify and clean up the record in this case and clear the decks for trial."  *Id.*

As a result of the mediation, the amount of the requested default judgment is based on a stipulated sales volume.  On January 21, 2009, the defendants and plaintiffs stipulated that the

7

Versadock entity referred to in the Second Amended and Supplemental Complaint and ERA Marine sold 100,000 floats that the plaintiffs accused of infringement. *See* Stipulation (Doc. 247-1). The Stipulation provides:

> It is agreed that 100,000 floatation units have been incorporated into docks sold by the Versadock entity referred to in the Second Amended and Supplemental Complaint and ERA Marine Products, Inc. in the U.S. that plaintiffs have accused as infringing the patents in suit through the entry of judgment by the trial court.

1. Plaintiff Ocean Innovations, Inc. is the owner by assignment of the '013 patent; the '113 patent; U.S. Patent No. 5,682,833 ("the '833 patent"); U.S. Patent No. 5,947,050 ("the '050 patent"); and U.S. Patent No. 6,431,106 ("the '106 patent") (collectively, "the Jet Dock Patents") and plaintiff Jet Dock Systems, Inc. is the sole licensee under these five patents.

2. The Jet Dock Patents have not been shown to be invalid.

3. The defendants have infringed the Jet Dock Patents by making, using, offering for sale, selling products and practicing methods covered by one or more claims of the Jet Dock Patents. The defendants have also induced others to practice the inventions covered by the claims of the Jet Dock Patents and thereby infringe the Jet Dock Patents.

4. On account of the defendants' infringement, the plaintiffs lost profits in the amount of Five Million Two Hundred Nine Thousand Dollars ($5,209,000).

5. A plaintiff is entitled to enhanced damages if the defendant willfully infringed the patent. 35 U.S.C. § 284. Enhanced damages may be awarded upon a finding of willful infringement or bad faith, which requires a showing of objective recklessness. *In re Seagate Technology, LLC*, 497 F.3d 1360, 1371 (Fed.Cir. 2007). A patentee must make a showing of objective recklessness "by clear and convincing evidence that the infringer acted despite an

8

objectively high likelihood that its actions constituted infringement of a valid patent." *Id.*

The defendants acted with full knowledge of the existence of the Jet Dock Patents and the rights of the plaintiffs and with notice to refrain from infringing the plaintiffs' patents and so acted willfully and deliberately to infringe the Jet Dock Patents.

6. In view of the willful nature of the infringement, Jet Dock is entitled to have its damage award against the defendants trebled.

7. Plaintiffs shall recover of Sailorman, Ahern, Versadock, and Gulf Coast, jointly and severally, the sum of Fifteen Million Six Hundred Twenty-seven Thousand Dollars ($15,627,000) on the patent infringement claim.

8. The awarding of attorney fees pursuant to 35 U.S.C. § 285 is an issue unique to patent law that is subject to Federal Circuit law. *Special Devices, Inc. v. OEA, Inc.*, 269 F.3d 1340, 1343 (Fed.Cir. 2001). A court may award reasonable attorney fees to prevailing parties under § 285 if it finds, by clear and convincing evidence, that the case is "exceptional." *Computer Docking Station Corp. v. Dell, Inc.*, 519 F.3d 1366, 1374 (Fed.Cir.2008) (citing *Beckman Instruments, Inc. v. LKB Produkter AB*, 892 F.2d 1547, 1551 (Fed.Cir. 1989)). Criteria for declaring a case exceptional include willful infringement, bad faith, litigation misconduct, and unprofessional behavior. *nCube Corp. v. SeaChange Int'l, Inc.*, 436 F.3d 1317, 1319 (Fed.Cir. 2006) (citing *Sensonics, Inc. v. Aerosonic Corp.*, 81 F.3d 1566, 1574 (Fed.Cir. 1996)).

The conduct of Sailorman, Ahern, Versadock, and Gulf Coast makes this case exceptional within the meaning of 35 U.S.C. § 285 and the plaintiffs are entitled to their reasonable attorney fees as the prevailing party. Plaintiffs shall, therefore, recover of Sailorman,

Ahern, Versadock, and Gulf Coast, jointly and severally, their attorney fees.

The Court must now determine the amount of such award. Therefore, the court will allow the prevailing party to offer evidence of fees and allow the nonprevailing party to challenge the reasonableness of those fees.

If it has not already been done, counsel for plaintiffs shall immediately provide counsel for Sailorman, Ahern, and Versadock with a full and complete record of the billable time charged by the separate attorneys and law clerks for the work performed in the case at bar in prosecuting and pursuing plaintiffs' patent infringement claims against Sailorman, Ahern, and Versadock.

**At the close of this case**, the plaintiffs shall serve and file a supplemental memorandum in support of their application for an award of attorneys fees against Sailorman, Ahern, and Versadock.

IV.  Conclusion

For the foregoing reasons,

Defendants ERA Marine Products, Inc., Versadock, Diversified Wholesale Marine, Inc. dba Sailorman, George Dabrowski, and Roy Ahern's Motion for Vacating Clerk's Entry of Default (Doc. 311) is DENIED.

Plaintiffs' Motion for Judgment and Permanent Injunction against Diversified Wholesale Marine, Inc. dba Sailorman, Roy Ahern, Versadock, and Gulf Coast Floating Docks, Inc.

(Doc. 318) is GRANTED IN PART. A Permanent Injunction will be entered by separate Order of the Court.

      IT IS SO ORDERED.

| | |
|---|---|
| _May 14, 2010_ | _/s/ John R. Adams_ |
| Date | John R. Adams |
| | U.S. District Judge |